MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Michael Ulufale

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL ULUFALE, | ) | CIVIL NO. _____ |
|---|---|---|
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| SECURITAS SECURITY | ) | |
| SERVICES USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff MICHAEL ULUFALE, by and through his attorneys, Charles H. Brower and Michael P. Healy, and for cause of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff MICHAEL ULUFALE (hereinafter "ULUFALE") is and was at all times mentioned herein a resident of Honolulu, Hawaii.

2. Defendant SECURITAS SECURITY SERVICES USA, INC., (hereinafter "SECURITAS") is a foreign profit corporation incorporated in the State of Delaware with a principal place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant SECURITAS in February 2016, as a security officer.

4. Plaintiff was suspended on January 2, 2018, and then terminated on February 26, 2018, from his position due to discrimination based on his race (Samoan) and national origin (Pacific Islander).

## JURISDICTION

5. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on July 1, 2021.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant SECURITAS in February 2016, as a security officer.

8. Plaintiff is Samoan from the Pacific Islands.

9. During his employment, Plaintiff was subjected to racial comments regarding his Samoan ancestry, such as "Samoans are dumb", and if people made a mistake that he or she "must be Samoan". Defendant SECURITAS did not have any Samoan people in management.

10. On January 2, 2018, Plaintiff was suspended, and then on February 22, 2018, was terminated from his position. Defendant SECURITAS had purportedly conducted an investigation of an accusation from a single unidentified "source" that Plaintiff was conducting gambling activities at work, which Plaintiff denied. The investigation report identified Plaintiff as "a Samoan male from Hawaii".

11. In 2018, Plaintiff was involved in a union arbitration with Defendant SECURITAS, regarding his termination.

12. The arbitrator found that Defendant SECURITAS had not properly done an investigation of the alleged charges against Plaintiff before termination. Plaintiff had not been allowed to participate in the investigation.

13. On November 12, 2018, Plaintiff was reinstated to his job by the Arbitrator as part of the arbitration process with full back pay.

14. After reinstatement, Defendant SECURITAS did not do any further investigation of the claims, and Plaintiff is still employed by Defendant SECURITAS.

15. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## STATEMENT OF CLAIM

## COUNT I - DISCRIMINATION

16. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

17. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to race or national origin.

18. The aforesaid acts and/or conduct of Defendant and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title of the Civil Rights Act of 1964, as amended.

19. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

20. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

21. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

22. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff ULUFALE prays that judgment be entered on all Counts:

    A.    For all damages to which Plaintiff ULUFALE is entitled, including general damages and other damages to be proven at trial; and

    B.    For special damages; and

    C.    For punitive damages; and

    D.    For attorney's fees, costs, and interest, including prejudgment interest; and

    E.    For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, September 29, 2021.

                                      /s/Charles H. Brower
                                      MICHAEL P. HEALY
                                      CHARLES H. BROWER
                                      Attorneys for Plaintiff
                                      Michael Ulufale